GILMORE, Respondent, v. AMERICAN FIRE INSURANCE COMPANY, Appellant.

No. 8993; June 26, 1883.

**Appeal—Motion to Dismiss—Certificate of Clerk—Appellant Without Fault.**—Although under the rules of the supreme court the transcript shall be filed within forty days after the appeal is perfected, and a motion to dismiss for failure in this respect must be accompanied with a certificate of the clerk of the court appealed from to show the fact and date of filing the bill of exceptions and the statement on appeal, such motion to dismiss must be held as prematurely made if the clerk's accompanying certificate is not defi-

nitely to the point, while by another certificate of his, filed by the other side, it appears that the appellant has proposed the bill and statement, and the respondent has proposed amendments, but that neither such bill nor such statement has been settled.

APPEAL from Superior Court, Los Angeles County.

Brunson & Wells for respondent; Gardiner, Grady and Hawes for appellant.

By the COURT.—Motion to dismiss appeal on the ground that the transcript was not filed within forty days after the appeal was perfected. The facts are as follows:

Judgment was entered in the court below in favor of respondent March 17, 1882. Defendant moved to vacate the judgment and for a new trial on the minutes of the court and affidavits. Its notice of intention was filed March 27, 1882. The motion for a new trial was denied January 11, 1883. On March 12, 1883, three separate and distinct notices of appeal were served on respondent and filed, to wit: a notice of an appeal from the judgment, a notice of an appeal from the order denying the motion for a new trial, and a notice of an appeal from the order denying the motion to vacate the judgment. Uudertakings were filed in due form March 15, 1883, and the appeals were thereupon perfected.

Rule 2 of the supreme court provides that a transcript shall be filed within forty days after the appeal is perfected, and the bill of exceptions and the statement (if there be any) are settled; and rule 4 provides that on motion to dismiss an appeal for failure to file transcript within prescribed time, there shall be presented the certificate of the clerk below showing (among other things) the fact and date of filing bill of exceptions and the statement on appeal, if there be any.

The clerk's certificate, upon which this motion is based, does not show that there was or was not a bill of exceptions, or statement filed in the case. But the appellant has filed a certificate of said clerk, showing that a statement and a bill of exceptions have been proposed by appellant, and that amendments thereto have been proposed by respondent, and that neither such bill of exceptions nor statement has been settled.

Upon these facts we think the motions to dismiss premature. Motions denied.